1 PHILLIP A. TALBERT
Acting United States Attorney
2 ROGER YANG
Assistant United States Attorney
3 501 I Street, Suite 10-100
Sacramento, CA 95814
4 Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5

6 Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,            CASE NO. 19-CR-00185 MCE

12                    Plaintiff,        PLEA AGREEMENT

13            v.                        DATE:   MAY 27, 2021
                                        TIME:   10:00AM
14 TYLER SHAYNE NELSON,                 COURT:  Hon. MORRISON C. ENGLAND, JR.

15                    Defendant.

16

17                    **I.      INTRODUCTION**

18     **A.      Scope of Agreement.**

19         The Indictment in this case charges the defendant with violations of COUNT ONE: 18 U.S.C.

20 § 2251(a) Sexual Exploitation of a Child; COUNTS TWO and THREE: 18 U.S.C. § 2252(a)(2)

21 Distribution of Child Pornography; and COUNT FOUR: 18 U.S.C. § 2252(a)(4)(B) Possession of Child

22 Pornography.  This document contains the complete plea agreement between the United States

23 Attorney's Office for the Eastern District of California (the "government") and the defendant regarding

24 this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District

25 of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory

26 authorities.

27     **B.      Court Not a Party.**

28         The Court is not a party to this plea agreement.  Sentencing is a matter solely within the

PLEA AGREEMENT                    1

1   discretion of the Court, and the Court may take into consideration any and all facts and circumstances

2   concerning the criminal activities of defendant, including activities which may not have been charged in

3   the Indictment.  The Court is under no obligation to accept any recommendations made by the

4   government, and the Court may in its discretion impose any sentence it deems appropriate up to and

5   including the statutory maximum stated in this plea agreement.

6        If the Court should impose any sentence up to the maximum established by the statute, the

7   defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

8   of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

9   defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

10  receive.

11  **II.       DEFENDANT'S OBLIGATIONS**

12  **A.       Guilty Plea.**

13       The defendant will plead guilty to Count One in the Indictment, charging him with violating 18

14  U.S.C. § 2251(a).  The defendant agrees that he is in fact guilty of these charges and that the facts set

15  forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

16       The defendant agrees that this plea agreement will be filed with the Court and become a part of

17  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

18  plea should the Court not follow the government's sentencing recommendations.

19       The defendant agrees that the statements made by him in signing this Agreement, including the

20  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

21  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

22  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)

23  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this

24  Agreement generally.

25       1.      Remand.

26       The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C.

27  § 3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

28

PLEA AGREEMENT                                    2

**B.**    **Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses.

1.    MVRA- One Victim and Single Count

The defendant agrees the conduct to which he is pleading guilty requires mandatory restitution pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and agrees to pay restitution to the victim for the total loss to the victim as a result of the acts in an amount between $10,000 and $150,000 dollars.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

2.    Agrees to pay restitution on relevant conduct.

Defendant agrees to pay restitution to the victims of the dismissed counts in the Indictment pursuant 18 U.S.C. § 3663(a)(3) in an amount of between $6,000 and $ 150,000 dollars.  There are at least six known victim series that are requesting restitution involved in this case.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

**C.**    **Fine.**

The parties agree that no fine is appropriate in this case.

**D.**    **Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  If the defendant is not indigent, he agrees to pay an additional special assessment of $5,000 under 18 U.S.C. § 3014.  The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.**    <u>Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).</u>

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government.  If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement.  The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions.  The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.  The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

1  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

2  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

3  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

4  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

5  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

6  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

7        **F.**     **Forfeiture.**

8        The defendant agrees to forfeit to the United States voluntarily and immediately all of his right

9  title and interest to any and all assets subject to forfeiture pursuant to Title 18, United States Code,

10  Section 2253(a), any and all matter which contains visual depictions produced, transported, mailed,

11  shipped, or received in violation thereof; any property, real or personal, constituting or traceable to gross

12  profits or other proceeds the defendant obtained as a result of said violations; and any and all property,

13  real or personal, used or intended to be used to commit and to promote the commission of such

14  violations, or any property traceable to such property.  Those assets include, but are not limited to, the

15  following:

16            1.     A gray LG smartphone;

17            2.     a black HP laptop, SN: CND44274, and

18            3.     a Gateway laptop, SN: 85012681325.

19        The defendant agrees to fully assist the government in the forfeiture of the listed assets and to

20  take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell,

21  transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed

22  assets.

23        The defendant agrees not to file a claim to any of the listed property in any civil proceeding,

24  administrative or judicial, which may be initiated.  The defendant agrees to waive his right to notice of

25  any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a

26  claim in that forfeiture proceeding.

27        The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

28

PLEA AGREEMENT            5

1  assets.  The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses

2  to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense,

3  and agrees to waive any claim or defense under the Eighth Amendment to the United States

4  Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States,

5  the State of California or its subdivisions.

6         The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

7  defenses or defects that may pertain to the forfeiture.

8         **G.      Asset Disclosure.**

9         The defendant agrees to make a full and complete disclosure of his assets and financial

10  condition, and will complete the United States Attorney's Office's "Authorization to Release

11  Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change

12  of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order

13  to that effect.  The defendant understands that if he fails to complete truthfully and provide the described

14  documentation to the United States Attorney's office within the allotted time, he will be considered in

15  violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E

16  above, above.

17                **III.      THE GOVERNMENT'S OBLIGATIONS**

18         **A.      Dismissals/Other Charges.**

19         The government agrees to dismiss the remaining counts in the Indictment at the time of

20  sentencing.  The government also agrees not to reinstate any dismissed count except if this agreement is

21  voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by

22  Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of

23  Appeal and Collateral Attack) herein.

24         **B.      Recommendations.**

25                1.      Incarceration Range.

26         The government will recommend that the defendant be sentenced to the low end of the

27  applicable guideline range including the application of the mandatory statutory minimum term as

28  determined by the Court.

PLEA AGREEMENT                                    6

2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**C.     Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

**IV.     ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, 18 U.S.C. § 2251(a) – Sexual Exploitation of a Minor:

(1) At the time, the victim was under the age of eighteen years;

(2) The defendant employed or used the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

(3) The defendant knew or had reason to know that the visual depiction would be transmitted using a means or facility of interstate or foreign commerce; <u>or</u> the visual depiction was actually transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce

The defendant fully understands the nature and elements of the crimes charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.    MAXIMUM SENTENCE

### A.    Maximum Penalty.

The maximum sentence that the Court can impose is 30 years of incarceration, a fine of $250,000, a lifetime of supervised release and a special assessment of $5,000.  A mandatory minimum sentence of 15 years in prison applies.  A supervised release term of at least 5 years and up to life will be imposed.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty.  The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.    Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 5 years of additional imprisonment. 18 U.S.C. §§ 3583(e)(3) and 3583(k). If the defendant commits another felony offense under chapter 109A, 110, or 117, or section 1201 or 1591 while required to register under the Sex Offender Registration and Notification Act, the court shall impose a term of imprisonment of at least 5 years.

## VI.    SENTENCING DETERMINATION

### A.    Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

       **B.**    **Stipulations Affecting Guideline Calculation:**

       The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

          1.     Base Offense Level:  32 (§2G2.1(a))

          2.     Victim-related Adjustments:  +2 minor under 16 (§2G2.1(b)(1)(B)); +2 commission of a sexual act (§2G2.1(b)(2)(A)); +2 computer to solicit (§2G2.1(b)(6)(B)(i)).

          3.     Adjusted Offense Level:  38

          4.     Acceptance of Responsibility:  See paragraph III.B.2 above

          5.     Criminal History:  The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.

          6.     Departures:  None

          7.     Sentencing Range:  180-210 months (Mandatory minimum of 180 months.  The defendant understands that if the criminal history category differs from the parties' estimate, his Guidelines sentencing range may differ from that set forth here.)

       The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references.  Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

       The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Sentencing Guidelines' advisory guideline range as determined by the Court.  The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, that will be considered a violation of the plea agreement. The government's remedies and remaining obligations in this agreement shall be as outlined in paragraph II.E, above.

## VII.    WAIVERS

### A.    Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.    Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C.    Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his

PLEA AGREEMENT                                     10

1   immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes

2   are removable offenses, including offenses to which the defendant is pleading guilty.  The defendant and

3   his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an

4   aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC §

5   1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings

6   to avoid or delay removal, it is virtually certain that defendant will be removed.  Removal and other

7   immigration consequences are the subject of a separate proceeding, however, and defendant understands

8   that no one, including his attorney or the district court, can predict to a certainty the effect of his

9   conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

10  regardless of any immigration consequences that his plea may entail, even if the consequence is his

11  automatic removal from the United States.

12       **D.**    **<u>Sex Offender Registration.</u>**

13         Defendant understands that by pleading guilty, defendant will be required to register as a sex

14  offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C.

15  § 3583(d).  Defendant also understands that independent of supervised release, he will be subject to

16  federal and state sex offender registration requirements, and that those requirements may apply

17  throughout his life.  The defendant understands that he shall keep his registration current, shall notify the

18  state sex offender registration agency or agencies of any changes to defendant's name, place of

19  residence, employment, or student status, or other relevant information.  Defendant shall comply with

20  requirements to periodically verify in person his sex offender registration information.  Defendant

21  understands that he will be subject to possible federal and state penalties for failure to comply with any

22  such sex offender registration requirements.  If he resides in California following release from prison, he

23  will be subject to the registration requirements of California Penal Code Section 290.  Defendant further

24  understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

25  upon his release from confinement following conviction.  As a condition of supervised release,

26  defendant shall initially register with the state sex offender registration in California, and shall also

27  register with the state sex offender registration agency in any state where defendant resides, is

28  employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with

PLEA AGREEMENT          11

1  all requirements of federal and state sex offender registration laws, including the requirement to update

2  his registration information.  Defendant shall provide proof of registration to the Probation Officer

3  within 72 hours of release from imprisonment.

### VIII.   ENTIRE PLEA AGREEMENT

5      Other than this plea agreement, no agreement, understanding, promise, or condition between the

6  government and the defendant exists, nor will such agreement, understanding, promise, or condition

7  exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

8  counsel for the United States.

### IX.   APPROVALS AND SIGNATURES

10  **A.    Defense Counsel.**

11      I have read this plea agreement and have discussed it fully with my client.  The plea agreement

12  accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

13  plead guilty as set forth in this plea agreement.

14  Dated: May 26, 2021

15  _____
    Daniel B. Olmos
16  Attorney for Defendant

17

18  **B.    Defendant:**

19      I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

20  understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

21  understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

22  case.  No other promises or inducements have been made to me, other than those contained in this plea

23  agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

24  Finally, I am satisfied with the representation of my attorney in this case.

25  Dated: 5/26/21

26  _____
    TYLER SHAYNE NELSON
    Defendant

27

28

PLEA AGREEMENT                              12

1

**C.**   <u>**Attorney for United States:**</u>

2

I accept and agree to this plea agreement on behalf of the government.

3

Dated: 05/26/2021

PHILLIP A. TALBERT
Acting United States Attorney

4

5

*Roger Yang*

6

_____
ROGER YANG
Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT                                            13

1

EXHIBIT "A"

2        In October of 2017, a cybertip indicated that three e-mail accounts were attempting to transmit

3    child pornography.  The three e-mail accounts were traced to the defendant, Tyler Shayne Nelson.  On

4    June 21, 2018, agents executed a search warrant on the defendant's house and seized his phone, a

5    desktop computer, and a laptop computer.  During a *Mirandized* interview, the defendant admitted

6    creating the e-mail addresses and that the e-mail addresses were closed because he sent child

7    pornography.  The defendant also admitted using Snapchat and Kik to communicate with underage girls.

8        A forensic examination of the defendant's phone revealed a text message string with Minor

9    Victim 1, where the defendant asked for, and received pictures of her vagina beginning on May 10,

10    2018, and ending on or about May 20, 2018.  After receiving the first picture of Minor Victim 1's

11    vagina, the defendant requested that Minor Victim 1 stick her fingers in her vagina and send him a

12    picture.  Minor Victim 1 did so, and sent the defendant a picture.

13        The defendant admits that if this case were to go to trial, the government could prove that at the

14    time, Minor Victim 1 was 12 years old.  According to Minor Victim 1, she told the defendant her age,

15    and he kept communicating with her.  In addition, child pornography was found on the defendant's

16    phone and laptops.

17        I declare under penalty of perjury that the above factual basis is true and correct.

18

19    Dated:   _____5/26/21_____                    _____
                                                     TYLER SHAYNE NELSON,
20                                                   Defendant

21

22

23

24

25

26

27

28

PLEA AGREEMENT                          A-1