PHILLIP A. TALBERT
Acting United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TYLER SHAYNE NELSON,<br><br>　　　　　Defendant. | CASE NO. 2:19-CR-00185 MCE<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: September 30, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

　　　　The United States of America respectfully submits this Sentencing Memorandum and, recommends that the Court sentence Tyler Shayne Nelson ("defendant") to a total of 180 months' imprisonment to be followed by a lifetime of supervised release. As set forth below, a sentence of 180 months in custody, while severe, is sufficient but not greater than necessary to achieve the goals and interests of the sentencing factors in 18 U.S.C. § 3553(a). The government requests that the Court not apply the Chapter Four enhancement and find that the applicable Guideline range in this matter is: 180 to 210 months.

I.　　**RELEVANT PROCEDURAL HISTORY**

　　　　On October 24, 2019, a grand jury indicted the defendant on a count of sexual exploitation of a child, and two counts of distribution of child pornography, and a count of possession of child pornography. CR 1. On May 28, 2021, the defendant plead guilty to Count One of the Indictment, charging him with sexual exploitation of a child pursuant to a plea agreement. CR 32.

## II. PLEA AGREEMENT FACTS

In October of 2017, a cybertip indicated that three e-mail accounts were attempting to transmit child pornography. The three e-mail accounts were traced to the defendant, Tyler Shayne Nelson. On June 21, 2018, agents executed a search warrant on the defendant's house and seized his phone, a desktop computer, and a laptop computer. During a Mirandized interview, the defendant admitted creating the e-mail addresses and that the e-mail addresses were closed because he sent child pornography. The defendant also admitted using Snapchat and Kik to communicate with underage girls. A forensic examination of the defendant's phone revealed a text message string with Minor Victim 1, where the defendant asked for, and received pictures of her vagina beginning on May 10, 2018, and ending on or about May 20, 2018. After receiving the first picture of Minor Victim 1's vagina, the defendant requested that Minor Victim 1 stick her fingers in her vagina and send him a picture. Minor Victim 1 did so, and sent the defendant a picture.

At the time, Minor Victim 1 was 12 years old. According to Minor Victim 1, she told the defendant her age, and he kept communicating with her. In addition, child pornography was found on the defendant's phone and laptops. CR 35.

## III. SENTENCING CALCULATION

### A. Statutory Maximum Sentence

1. Count One: 18 U.S.C. § 2251(a) – sexual exploitation of a child.

The maximum sentence that the Court can impose on Count One, is no less than 15 years in prison, and not more than 30 years, a fine of $250,000, a term of supervised release of no less than 5 years up to life, and a special assessment of $100.  If the defendant is not indigent, he may be subject to a $5,000 per count special assessment pursuant to 18 U.S.C. § 3014 (the Juvenile Victims of Trafficking Act).  The defendant may be subject to an assessment of up to $50,000 depending on his ability to pay and under the factors considered by the Court under 18 U.S.C. § 3572.

### B. Guidelines and Criminal History Calculation

The Guideline calculations reached by the Government and the UPSO differ based on the application of the Chapter Four enhancement for repeat and dangerous sex offender under U.S.S.G. § 4B1.5(b)(1).  In the plea agreement, the government agreed not to seek or argue for any additional

enhancements, therefore, the government does not recommend application of the Chapter Four enhancement in this case.

    1.    Base Offense Level:  The base offense level applicable to the charge to which the defendant is pleading guilty in Count One is: 32.  *See* U.S.S.G. § 2G2.1

    2.    Specific Offense Characteristics:

A 2-level enhancement applies because the offense involved a minor who had not attained the age of 16 years.  *Id*. at (b)(1)(B);

A 2-level enhancement applies because the offense involved the commission of a sexual act.  *Id*. at (b)(2)(A);

A 2-level enhancement applies because the offense involved the use of a computer to persuade or entice Victim 1 to engage in sexually explicit conduct.  *Id*. at (b)(6)(B)(i).

    3.    Preliminary Offense Level:  38.

    4.    Acceptance of Responsibility:

The defendant accepted responsibility, therefore a 3-level reduction for acceptance of responsibility applies under U.S.S.G. § 3E1.1(a+b).

    5.    Total Offense Level: 35.

    6.    Criminal History Calculation Reached by the Government and in the PSR

As anticipated by the parties, the probation officer concluded that the defendant's criminal history category is I.

    7.    Applicable Sentencing Range

Based on a Total Offense Level of 35 and a CHC of I, the applicable Guideline sentencing range is 180-210 months (with application of the mandatory minimum of 180 months.

    C.    Application of the Chapter Four enhancement

In this case, the government does not seek application of the Chapter Four enhancement, although it reserves the right to apply this enhancement in an appropriate case.  The defendant requested pictures of Minor Victim 1, and after receiving an initial image, the defendant asked Minor Victim 1 to perform sexual acts and create pictures for him.  These requests, however, occurred over a relatively short period of time, and therefore, the government believes that application is not warranted on these

facts to this defendant.

IV.     **U.S. PROBATION OFFICE'S SENTENCE RECOMMENDATION**

The USPO recommends a mid-range of the enhanced sentencing guideline of 326 months. See PSR at pg. 22. (Sentencing Recommendation). The USPO also recommends and a 20-year term of Supervised Release. *Id*.

V.      **GOVERNMENT'S SENTENCING RECOMMENDATION**

The United states respectfully recommends a 180 month term of imprisonment. The United States also recommends and a life term of supervised release to address the relevant conduct. The United States also recommends imposition of the special conditions recommended by the USPO.

The United States' sentencing recommendation is based on the factors listed in 18 U.S.C. § 3553(s). Such a sentence is also sufficient but not greater than necessary to achieve justice in this case. Most important, however, a total sentence of 180-months in custody properly accounts for the enormous weight and aggravated nature of the totality of circumstances in this extraordinary case.

        A.      Defendant's History and Characteristics

Defendant's history and characteristics support imposition of a sentence of 180 months' imprisonment. *See* 18 U.S.C. § 3553(a)(1).

        B.      Nature, Circumstance, and Seriousness of Defendant's Offense

Congress has mandated severe sentences for these offenses, and the mandatory minimum reflects the seriousness of the offense. In this case, the defendant groomed a young victim, and ultimately asked for and received images depicting Minor Victim 1 engaged in sexual activity. The defendant's activities result in a high guidelines range, even for a person with no documented criminal history. This case involves a relatively young victim, and it is likely that the breach of trust and early introduction to sex will have lasting effects on the victim. Therefore, the government believes that a sentence of 180 months in custody is sufficient but not greater than necessary in this case. *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(A).

        C.      Need to Promote Respect for the Law and Provide Just Punishment

A sentence of 180 months in custody is sufficient but not greater than necessary to promote respect for the law and to provide just punishment for defendant's crimes. *See* 18 U.S.C. 3553(a)(2)(A).

The defendant's chats demonstrated an understanding of the illegality of his conduct. A sentence of 180 months in custody is sufficient but not greater than necessary to promote respect for the law, to provide just punishment for defendant's crimes. *See* 18 U.S.C. 3553(a)(2)(A).

D.   Need to Provide Deterrence and to Protect the Public from Further Criminal Conduct by Defendant

A sentence of 180 months in custody is sufficient but not greater than necessary to provide specific and general deterrence to defendant and others who might contemplate participation in a course of criminal conduct, and to protect the public from further criminal conduct by defendant. *See* 18 U.S.C. § 3553(a)(2)(B) and (C). The government is requesting a life term of supervised release because of the possession of other child exploitation materials, as well as the communications with other minors that, although not criminal, raise serious concerns about the defendant's future behavior and need for counseling, behavior monitoring and correction, and other services.

E.   Need to Avoid Unwarranted Sentencing Disparities

The first step to avoiding unwarranted sentencing disparities is to calculate and apply the appropriate guidelines range. *United States v. Treadwell*, 593 F.3d 990, 1013 (9th Cir. 2010) ("[The Court] correctly calculated and adhered to the appropriate Guidelines range, which in itself serves the purpose of avoiding sentencing disparities.") (citing *Gall v. United States*, 552 U.S. 38 at 54 (2007)). The Ninth Circuit routinely and frequently upholds within-guidelines sentences as being reasonable in child pornography cases. *United States v. Mikulak*, 616 F. App'x 326, 327 (9th Cir. 2015); *United States v. Sanders*, 558 F. App'x 734 (9th Cir. 2014); *United States v. Rice*, 540 F. App'x 782 (9th Cir. 2013); *United States v. Mills*, 518 F. App'x 540 (9th Cir. 2013); *United States v. Maggio*, 499 F. App'x 696 (9th Cir. 2012); *United States v. Frantz*, 485 F. App'x 890 (9th Cir. 2012); *United States v. Grigsby*, 469 F. App'x 589 (9th Cir. 2012); *United States v. Shigley*, 451 F. App'x 705 (9th Cir. 2011); *United States v. Maier*, 639 F.3d 927 (9th Cir. 2011); *United States v. Aguirre*, 448 F. App'x 670 (9th Cir. 2011); *United States v. Alfaro*, 446 F. App'x 840 (9th Cir. 2011); United States v. Psick, 434 F. App'x 646 (9th Cir. 2011); *United States v. Aglony*, 421 F. App'x 756 (9th Cir. 2011); *United States v. Anthony*, 421 F. App'x 674 (9th Cir. 2011); *United States v. Richards*, 414 F. App'x 911 (9th Cir. 2011); *United States v. Carlson*, 395 F. App'x 413 (9th Cir. 2010); *United States v. Blinkinsop*, 606 F.3d 1110

(9th Cir. 2010).

VI.    **RESPONSE TO DEFENDANT'S FORMAL OBJECTIONS TO THE PSR**

As a threshold matter, the government notes that defendant has identified and disputed facts that, do not materially impact the Guideline calculation in this case, and thus, will not affect his ultimate sentence. Federal Rule of Criminal Procedure 32(i) provides, in relevant part:

(3) At sentencing, the court:

....

(B) must-for any disputed portion of the presentence report or other controverted matter-rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

(C) must append a copy of the court's determination under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3)(B), (C).

The Ninth Circuit has held that "[s]trict compliance with the rule is required." *United States v. Garfield*, 987 F.2d 1424, 1428 (9th Cir. 1993) (citing *United States v. Fernandez-Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc)). "If the district court has failed to make the requisite findings, [a reviewing court] must vacate the sentence and remand for resentencing." *Id*. However, "[i]f the district court chooses not to rely upon a disputed factual statement in the PSR, it need not resolve the dispute, but it must clearly state that the disputed fact was not taken into account in finding the enhancement appropriate." *United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir. 2007) (quoting United States v. Carter, 219 F.3d 863, 867 (9th Cir. 2000)).

Likewise, the Advisory Committee on Criminal Rules ("Advisory Committee") has concluded that Rule 32(i)(3)(B) applies only to matters that will affect the determination and imposition of a correct sentence, and does not require the sentencing judge to resolve disputes that affect only the manner and location of service of the sentence. *Saeteurn*, 504 F.3d 1175, 1179–80 (9th Cir. 2007). According to the Advisory Committee, the Rule does not apply to disputes that will affect only post-sentence decisions and the manner and location of service of the sentence. *Id*. As the Advisory Committee reported:

> [T]he Committee considered, but did not adopt, an amendment that would have required the court to rule on any "unresolved objection to a material matter" in the presentence report, whether or not the court will consider it in imposing an appropriate sentence. The amendment was considered because an unresolved objection that has no impact on determining a sentence under the Sentencing Guidelines may affect other important post-sentencing decisions. For example, the Bureau of Prisons consults the presentence report in deciding where a defendant will actually serve his or her sentence of confinement....

To avoid unduly burdening the court, the Committee elected not to require resolution of objections that go only to service of sentence, stating, "If counsel objects to material in the presentence report that could affect the defendant's service of sentence, the court may resolve the objection, but is not required to do so." *See Saeteurn*, 504 F.3d 1175, 1179–80 (9th Cir. 2007) (quoting Fed. R. Crim. P. 32 and Advisory Committee Notes, 2002 Amendments) (emphasis added).

Accordingly, as set forth above, this Court need not resolve irrelevant objections to the PSR, so long as the Court states on the record that it is not relying on those disputed facts in determining the applicability of any Guideline enhancement or in crafting the final sentence imposed. The discussion of facts collateral to the Guidelines calculations (but that do support imposition of various conditions on the defendant's supervised release, specifically mental health / sexual offender treatment and the search and seizure conditions) does not necessarily need to be resolved prior to sentencing. To the extent the defendant agrees to those conditions and does not contest them, the Court need not rely on these facts before imposing the conditions. *See Saeteurn*, 504 F.3d at 1179-80.

In this case, the government joins in the defendant's objection to application of U.S.S.G. § 4B1.5(b)(1) consistent with the plea agreement and the facts in this particular case and this particular defendant.

VII.  **RESTITUTION AND VICTIM ISSUES**

The government has provided Probation and the Court with victim statements in this case. It is the government's understanding that Minor Victim 1 is working on getting more concrete estimates of loss for restitution to satisfy the requirements of *Paroline*, 572 U.S. 434, 460 (2014), and therefore the government will request a restitution hearing in 45 days. Any estimates will be shared with defense counsel, and hopefully the parties can resolve the restitution issue without the need for a hearing. The

government is waiting to hear back from the victims' family on whether or not they would like the statements read in open court.

### VIII. CONCLUSION

For the foregoing reasons, the United States respectfully recommends that the Court sentence defendant to a 180-months with a life term of supervised release, and imposition of the special conditions recommended by the probation officer.  A sentence total of 180 months in custody is sufficient but not greater than necessary to advance the goals and interests of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Dated:  September 27, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ ROGER YANG
ROGER YANG
Assistant United States Attorney